IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN WALDRON, #N-23690,         )
                                )
            Plaintiff,          )
                                )
vs.                             )   CIVIL NO. 11-cv-242-JPG
                                )
DONALD GAETZ, et al.,           )
                                )
            Defendants.         )

# MEMORANDUM AND ORDER

**GILBERT District Judge:**

Plaintiff, an inmate currently in the Stateville Correctional Center, was at all times relevant to this action housed in the Menard Correctional Center. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 1). On April 9, 2009, Defendant Hatley claimed to have found a homemade weapon in Plaintiff's cell after a team was called in to remove a piece of metal from one of the bunk beds with a torch. Plaintiff and his cellmate were taken to segregation, then to internal affairs to be interviewed. Plaintiff was interviewed by Defendant Ashby and John Doe Internal Affairs Correctional Officer, and during the interview Plaintiff requested a polygraph test to prove his innocence. Plaintiff and Defendant Ashby signed a "Deception Detector form," but Plaintiff was denied the polygraph test.

On April 13, 2009, Plaintiff went before the adjustment committee for the offense, and pled not guilty. There Plaintiff told the members of the committee that he had not received a polygraph test as he had requested. Defendant Parnell postponed the hearing and agreed to look into the issue. Plaintiff was never recalled to the hearing, and at Defendant Ashby's instruction, the committee reconvened and found Plaintiff guilty.

Plaintiff complained by filing grievances about his denial of a polygraph test with the adjustment committee, Defendant Mueller, and Defendant Hartline, and was given three different responses regarding the policy governing the use of a polygraph machine. He was first told that only

the state police can authorize the test. He was then told that only the director[1] can authorize the test. Finally, he was told that the Illinois Department of Corrections no longer employs a polygraph examiner, so the test was unavailable.

Plaintiff then complained to Defendant Hartline, Defendant IDOC Chief of Operations Bard, Defendant Gaetz, and Defendant Ashby that the weapon found in his cell was likely planted there by Defendant Hatley. Plaintiff requested that an investigation be launched, and Defendant Hatley be submitted to a polygraph test. However, no investigation was conducted and Plaintiff's complaint was dismissed.

Plaintiff appealed the denial of the polygraph test to Defendant Administrative Review Board on May 15, 2009. Plaintiff then wrote two more times to Defendant Administrative Review Board, in November 2009 and March 2010. Plaintiff never received a response to these inquiries.

In January 2010, Defendant Martin raised Plaintiff's aggression level from 3 points to 13 points, due to the April 9, 2009 weapons charge. Plaintiff received no hearing or notice of this change in status. Plaintiff field a grievance, which was denied by the Menard grievance officer. Plaintiff then appealed this decision to Defendant Administrative Review Board, which determined that the grievance had been appropriately addressed.

**Discussion:**

Plaintiff raises a number of issues under the guise of due process violations. He first claims that his rights to due process were violated when he was denied a polygraph test by Defendants Ashby and John Doe Internal Affairs Correctional Officer during his interview. Plaintiff claims that

---

[1] Presumably the Director of the Illinois Department of Corrections. However, Plaintiff does not specifically identify what director he is referencing.

because he signed the "Deception Detector form," he was entitled to take the test.

However, inmates are not entitled to take a polygraph test in an attempt to disprove guilt. *See Jemison v. Knight*, 244 Fed. App'x 39, 42 (7th Cir. 2007); *Freitas v. Auger*, 837 F.2d 806, 812 n. 13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings; *see also Outlaw v. Wilson*, No. 07-cv-54, 2007 WL 1295815 (N.D. Ind. April 30, 2007) (inmate had no right to require prison staff to create favorable evidence in the form of a lie detector test); *see also Matthews v. Eldridge*, 424 U.S. 319, 335 (1976) (due process does not require a prison to provide a costly test that provides little value). Plaintiff has no constitutional right to demand a polygraph test, even where he is attempting to disprove guilt, as in this case. Plaintiff also has no right to demand that Defendant Hatley take the test. Because he has no such right, the denial of the test does not itself create a constitutional violation. As such, this claim is dismissed with prejudice.

Plaintiff also claims that his rights were violated when the adjustment committee found Plaintiff guilty after his disciplinary hearing had been stayed pending investigation. Plaintiff told the committee that he had not received a polygraph test as he had requested, and Defendant Parnell agreed to postpone the hearing to examine the issue. Plaintiff was never recalled to the hearing, and at Defendant Ashby's instruction, the committee found Plaintiff guilty without reconvening.

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner 24 hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d

1139, 1145 (7th Cir. 1988).

Plaintiff does not complain about the process of his initial hearing, up until the point that he did not get to present polygraph evidence because it was unavailable. Thus, the Court can assume that Plaintiff received written notice of his charges, and he clearly was allowed to proceed in front of the committee, as that is where he asked for Defendant Parnell to look into the polygraph issue. It is at this point that the hearing was stayed, and problems arose. Defendant Parnell and the other members of the committee regrouped, but Plaintiff was not given notice, and because of this he was not present at the hearing. Where a plaintiff was given the opportunity to present his evidence at a disciplinary hearing, due process is not violated where the hearing is then postponed and later reconvened without plaintiff being present. *Wells v. Johnson*, No. 91 C 987, 1993 WL 79268, at *2-3 (N.D. Ill. March 16, 1993). Plaintiff does not state whether or not he was allowed to present his evidence before the hearing was stayed, only that he was unable to present polygraph evidence. Thus, it is not clear whether Plaintiff's evidence was considered in compliance with due process, or whether the hearing was reconvened without ever hearing Plaintiff's evidence. For this reason, this claim cannot be dismissed at this time.

Not only must the due process requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Plaintiff alleges that the decision of the committee was not based on evidence, but was demanded by Defendant Ashby. If Defendant Ashby told the committee that he desired that they find Plaintiff guilty, and they so found not because of this communication, but because the evidence

5

pointed to guilt, then there is no due process violation because the committee's decision is supported by "some evidence." *See Id.* However, if the committee took Defendant Ashby's suggestion at the expense of reviewing the evidence, then there has clearly been a violation of due process. The Court is unclear at this point which of these scenarios is more accurate, and for this reason this claim cannot be dismissed at this time.

Plaintiff also alleges that his rights were violated when his grievances were denied. Plaintiff filed a grievance against Defendant Hatley, which was denied by Defendants Hartline, IDOC Chief of Operations Bard, Gaetz, and Ashby. Plaintiff then appealed this decision to Defendant Administrative Review Board, but the grievance was not addressed. Plaintiff later filed a separate grievance against Defendant Martin, which was also denied. Plaintiff appealed this decision as well to Defendant Administrative Review Board, which concurred with the decision to dismiss.

However, no constitutional cause of action is created where a plaintiff disagrees with the outcome of a grievance he has filed. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). Plaintiff did not have a constitutional right to have his grievances handled in a way with which he agreed. *Id.* Further, although the Illinois Administrative Code states that when an appeal is filed, the Administrative Review Board "shall submit to the Director a written report of its findings and recommendations," Plaintiff has not alleged that Defendant Administrative Review Board failed to file a report with the director, only that the Defendant failed to address Plaintiff directly. ILL. ADMIN. CODE tit. 20 § 504.850(e). The Administrative Code does not require Defendant Administrative Review Board to address Plaintiff

6

directly, and even where it did, the Code is a collection of Illinois State regulations, and the Federal Courts are not the enforcers of State laws or regulations. *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir.1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989). Thus, Plaintiff has not stated a constitutional claim against Defendant Administrative Review Board, and this claim must be dismissed with prejudice.

Plaintiff asked Defendants Mueller and Hartline about the policy for polygraph tests, and received differing responses. Plaintiff claims that the lack of a uniform policy in the prison regarding the use of polygraph tests violates his constitutional rights. However, the policies utilized by the Illinois Department of Corrections (IDOC) are codified in the Illinois Administrative Code, and as discussed above, noncompliance with these regulations raises a possible state law claim, not a constitutional claim. *See Whitman v. Nesic*, 368 F.3d 931, 935 n. 1 (7th Cir. 2004) (the violation of a prison rule, by itself, does not give rise to a constitutional claim); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (§ 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations).

As it happens, the IDOC *does* have a uniform policy regarding polygraph tests. *See* ILL. ADMIN. CODE tit. 20 § 112.40. The Defendants' failure to know about this policy, or to follow it, does not state a constitutional claim. Even where this policy is made mandatory (it is unclear here whether this was the case) the violation of a state mandatory rule does not necessarily state a constitutional claim. *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[a] state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate"); *White v. Henman*, 977 F.2d 292, 295 (7th Cir. 1992) (the violation of an administrative rule is not the same as a violation of the Constitution).

Plaintiff has failed to state a constitutional claim relating to the policy regarding polygraph examinations within the IDOC. Because of this, this claim must be dismissed. However, the dismissal of this claim shall be without prejudice, so that Plaintiff may bring this claim in State court, should he feel the need.

Plaintiff lastly alleges that Defendant Martin violated his constitutional right to due process when Defendant Martin raised Plaintiff's aggression level without providing Plaintiff a warning nor a chance to challenge the decision. For the due process clause to be applicable in this instance, there must be a protected liberty interest that is being infringed. *Meachum v. Fano*, 427 U.S 215, 223-24 (1976). However, not every action that carries with it negative consequences creates a liberty interest for inmates. *Moody v. Daggett*, 429 U.S. 78, 86-88 (1976). The Seventh Circuit has stated, relying on *Montanye v. Haymes*, 427 U.S. 236 (1976), that inmates do not possess a liberty or property interest in their prison classifications. *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992).

Although Plaintiff's aggression classification level may have been changed by Defendant Martin without warning, and without merit, this is not a constitutional claim upon which this Court can grant relief. Without a liberty or property interest, the due process clause is not invoked, and because Plaintiff has no interest in his aggression level that can be protected by the due process clause, this claim must be dismissed with prejudice.

**Unclassified Defendants:**

Though Plaintiff names Defendants Randle, Dilday, and Lee in the caption of his complaint, he fails to list them elsewhere in his complaint, so the Court is unable to ascertain what claims, if any, Plaintiff has against these Defendants.

The reason that Plaintiffs, even those proceeding *pro se*, for whom the Court is required to

liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.")

Because Plaintiff has not listed Defendants Randle, Dilday, or Lee elsewhere in his complaint, he has not adequately stated claims against these individuals, or put them on notice of any claims that he may have against them. For this reason, Defendants Randle, Dilday, and Lee will be dismissed from this action without prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendants **GAETZ, HATLEY, JOHN DOE INTERNAL AFFAIRS CORRECTIONAL OFFICER, HARTLINE, ILLINOIS DEPARTMENT OF CORRECTIONS CHIEF OF OPERATIONS BARD, MUELLER, ADMINISTRATIVE REVIEW BOARD,** and **MARTIN** are **DISMISSED** from this action **with prejudice.** Defendants **RANDLE, DILDAY,** and **LEE** are **DISMISSED** from this action **without**

**prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **PARNELL** and **ASHBY** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 23, 2011**

    *s/J. Phil Gilbert*
**United States District Judge**