## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN WALDRON, #N-23690       )
                                        )
                    Plaintiff,    )
                                        )    Case No. 11-cv-242-JPG
vs.                                    )
                                        )
DONALD D. GAETZ, et al.,      )
                                        )
                  Defendants.    )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on a motion filed by Plaintiff on October 7, 2011, titled Motion to Vacate Judgment for Want of Jurisdiction (Doc. 23). This Court construes this Motion as a Motion for Reconsideration of the Court's Memorandum and Order dismissing portions of his complaint, issued on June 23, 2011 (Doc. 7).

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions- no longer applies")). Nevertheless, a motion

to reconsider filed more than 28 days after entry of the challenged order, "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir. 1964), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)").

In his complaint, Plaintiff alleged that he was found guilty of an allegedly false offense. Plaintiff was denied the use of a polygraph test to prove his innocence, and his grievances were

denied.  The Court dismissed Plaintiff's claims against Defendants Gaetz, Hatley, John Doe Internal Affairs Correctional Officer, Hartline, IDOC CEO Bard, Mueller, Administrative Review Board, and Martin with prejudice, and those claims against Defendants Randle, Dilday, and Lee without prejudice.   Plaintiff's claims against Defendants Parnell and Ashby were allowed to proceed.  *See* (Doc. 7).

In the instant motion, Plaintiff asserts that the Order dismissing these Defendants was invalid, as Plaintiff has not consented to his case being decided by a Magistrate Judge.  However, the order dismissing these Defendants was not issued by a Magistrate Judge, but instead by the undersigned, who is a United States District Court Judge, invested with all the powers of an Article III Judge.  The orders that appear on the Docket in this case that were issued by Magistrate Judge Frazier are pre-trial orders that are consistent with Local Rule 72.1(a)(1), and are thus legally binding orders.  As stated in the undersigned's order (Doc. 7), Plaintiff's case will only proceed to trial in front of a Magistrate Judge if all the parties involved consent to a referral to a Magistrate Judge pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c).  Because Plaintiff has not yet provided his consent to this referral, the case is scheduled to be tried before the undersigned Judge, while pretrial discovery and other matters have been referred to Magistrate Judge Frazier.

As to Plaintiff's argument that he wishes the Court to reconsider its dismissal of those Defendants listed above, Plaintiff's Motion was filed on October 7, 2011, well outside of the 28 day limitation imposed by Rule 59(e).  Thus, the Court will construe Plaintiff's Motion as filed pursuant to Rule 60(b).   The grounds applicable to Plaintiff's motion authorize relief where there has been "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).  Plaintiff's motion

establishes no basis for the relief he seeks.  Upon review of the record, the Court remains persuaded that its ruling dismissing portions of the complaint pursuant to 28 U.S.C. § 1915A is correct.  The above-described Defendants were dismissed because Plaintiff failed to state claims against them upon which this Court could grant relief.  For the reasons stated in the Court's order (Doc. 7), these Defendants were properly dismissed.  Therefore, the instant motion (Doc. 23) is **DENIED**.

**IT IS SO ORDERED.**

**Dated: 10/24/2011**

   *s/J. Phil Gilbert*
**U. S. District Judge**