IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN WALDRON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Case No. 11-242-JPG-PMF |
| | ) |
| DONALD GAETZ, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a defense motion for summary judgment (Doc. No. 64). Plaintiff John Waldron filed this action pursuant to 42 U.S.C. § 1983, alleging that the conditions of his prison confinement violated rights protected by the Due Process Clause. Two claims remain for decision – both pertain to Waldron's right to procedural due process. The first is whether Waldron was disciplined for having dangerous contraband without a hearing. The second is whether the disciplinary committee reached a decision that is supported by at least some evidence.[1] Defendants Ashby and Parnell assert various grounds for summary judgment in their favor. All aspects of the motion are opposed (Doc. Nos. 68, 70, 74).

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of Waldron, the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

---

[1] Other claims pertaining to polygraph testing, prison policy, adjustment of Waldron's classification level, and grievance proceedings were resolved during threshold review (Doc. No. 7).

I.   **Deprivation of a Liberty Interest**

The defendants challenge the sufficiency of evidence that their actions deprived Waldron of a protected liberty interest.  To prove a violation of his procedural due process rights, Waldron must show that the State deprived him of a protected liberty or property interest and that the deprivation occurred without adequate due process.  Salas v. Wisconsin Dept. of Corrections, 493 F.3d 913, 926 (7th Cir. 2007).  In order to prove that he was deprived of a liberty interest, Waldron must show that he suffered an atypical and significant hardship in relation to the ordinary incidents of prison life.  Sandin v. Conner, 515 U.S. 472, 486 (1995).[2]  A period of segregated confinement does not implicate a liberty interest unless (a) the length of confinement is substantial and (b) the conditions of confinement are unusually harsh.  Marion v. Columbia Corr. Inst., 559 F.3d 693, 697-98 (7th Cir. 2009).

The defendants target the second prerequisite, suggesting that Waldron has not shown that his period of segregation was unusually harsh.  Waldron maintains that the disciplinary proceedings severely altered the quality of his incarceration.

Viewing the evidence in Waldron's favor, formal disciplinary sanctions were imposed against him on April 14, 2009, after a committee decided that he had violated prison rules regarding dangerous contraband.  Waldron's was sanctioned to six months in a classification described as "C" grade, six months in the segregation unit, and six months with a restriction on commissary purchases (Doc. No. 1-1, p. 8).  Waldron served his disciplinary segregation term at Menard Correctional Center, a maximum security facility.  In segregation, Waldron had comparatively fewer opportunities to exercise out of doors and fewer opportunities to utilize

---

[2]   Waldron's reliance on cases decided before Sandin are misplaced.  In Sandin, the Supreme Court modified the method for determining whether prisoners have been deprived of a liberty interest.

resources in the prison's law library.  He lost his eligibility for assignment to a prison job and, as a further consequence, received less state pay.  Waldron also endured cell searches that were more intense and disruptive.  Some of his personal property was damaged when his cell was searched.  Although Waldron is serving a natural life sentence, he anticipates that the disciplinary decision could diminish any future prospects for release on parole.  Waldron also notes that he was tagged with a "weapons violator" label before a decision was made on the disciplinary charge.  This label was added to his identification card and his classification level was raised.  The elevated classification level resulted in a housing reassignment to a "high aggression" cell house (Doc. No. 65-1, pp. 14-48).

These facts, if credited as true, would not support a finding that Waldron's particular circumstances amounted to a deprivation of a liberty interest.  The Court has previously determined that the elevation of Waldron's aggression/classification level did not implicate a liberty interest (Doc. No. 7).  Waldron's demotion to C-grade rationally permits an inference that he lost access to privileges.  The deprivation of privileges could not amount to a deprivation of a liberty interest.  *Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005).  When compared to cases where other inmates were found to have been deprived of a liberty interest, the collective conditions Waldron endured in segregation were somewhat harsh but not unusually harsh.  *See Wilkerson v. Austin*, 545 U.S. 209, 223-24 (2005)(deprivation of human contact and environmental stimuli, disqualified from parole eligibility) and *Gillis v. Litscher*, 468 F.3d 488, 490-94 (7th Cir. 2006) (deprivation of bedding, clothing, human contact, and sensory stimulation).  Because Waldron has not demonstrated that the defendants' conduct during

disciplinary proceedings deprived him of a liberty interest, he cannot succeed on his procedural due process claim.[3]

## II. Conclusion

IT IS RECOMMENDED that the defense motion (Doc. No. 64) be GRANTED. Because the evidence could not support a finding that discipline imposed by defendants Ashby or Parnell deprived Waldron of a liberty interest protected by the Due Process Clause, the remaining arguments for summary judgment are not reached. Judgment should be entered against plaintiff Waldron and in favor of defendants Ashby and Parnell on the procedural due process claim. If this recommendation is adopted, no claims will remain for decision.

SUBMITTED:  June 26, 2013  .

s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Waldron may be arguing that he was deprived of a substantive due process right. Waldron's cognizable claims were identified during the initial screening. A substantive due process claim is not before the Court.